# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RASHAD COOPER, | ) | Case No. 1:24-cv-2093 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| LORAIN COUNTY DIVISION OF | ) | |
| THE O.D.R.C., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Anthony Rashad Cooper, a prisoner in the Toledo Correctional Institution, filed this action *pro se* against the "Lorain County Division of the O.D.R.C.," which is the Ohio Department of Rehabilitation and Correction.  The address he lists for Defendant is that of the Lorain Correctional Institution.  Accordingly, the Court infers that Plaintiff intends to name Lorain Correctional as the Defendant.

Plaintiff alleges that he fell down the stairs in August 2024 and, in a separate incident was assaulted by inmates in October 2024.  He does not identify any legal claims in his complaint.  He asks the Court to order his release from prison, waive the supervised release portion of his sentence, and expunge his State court criminal record.

## STATEMENT OF FACTS

Mr. Cooper appears to have been on supervised release when he was arrested on July 4, 2024.  *See Cooper v. Lucas Cnty. Jail*, No. 3:25-cv-00083 (N.D. Ohio filed Jan. 16, 2025).  He alleges that the officers placed handcuffs on him too tightly,

causing nerve damage. *Id.* He states that he was attacked in the shower by other inmates the week after his arrest and sustained a torn ligament and a fracture to his knee. *Id.*

Mr. Cooper avers that he was transported from the Lucas County jail to Lorain Correctional on August 15, 2024. He alleges that officials at the jail should have informed prison staff at Lorain Correctional of his injuries and how he got them. He claims that prison officials denied him medical treatment and assigned him an upper floor-top bunk assignment. Although he cannot stand or walk for long periods without experiencing numbness in his hand and leg, he alleges that prison staff took his wheelchair. On August 18, 2024, while climbing the stairs to his cell, Mr. Cooper apparently fell backward, down six or seven stairs, and hit his head, causing him briefly to lose consciousness. When he awoke, nurses were examining him. While Mr. Cooper does not specifically state that his wheelchair was returned after his fall, it appears from the other allegations in his complaint that it was. It is unclear whether he received a new cell assignment or if he remained in the top tier.

On October 24, 2024, a first shift officer allegedly opened Mr. Cooper's cell door while he was asleep in his wheelchair, giving other inmates access to his cell. Plaintiff claims that the inmates stabbed him in the mouth trying to remove his platinum teeth while pulling him out of his wheelchair. A lieutenant came to speak with Mr. Cooper about the incident and admitted that he should not have been in the general population in a wheelchair with injuries to his knee. Plaintiff alleges that the warden spoke to him on October 31, 2024, and indicated that he would look

into getting a settlement of $125,000.00 in exchange for his agreement not to sue. There are no other allegations pertaining to his incident.

## STATEMENT OF THE CASE

Plaintiff does not identify a particular legal claim in his complaint.  He simply asks the Court to release him from prison, order the State to waive the post release control portion of his sentence, and expunge his criminal record.  Also, he asks the Court to help him negotiate a better settlement with the prison.

## ANALYSIS

*Pro se* pleadings are liberally construed.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  The factual allegations in the pleading must be sufficient to raise

3

the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

As an initial matter, Plaintiff cannot obtain release from State custody, modification of his sentence, or expungement of all of his convictions in a civil rights action. To obtain this relief, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because this is the only relief Plaintiff seeks, and it is not available in this lawsuit, the Court must dismiss this case.

To the extent Plaintiff's request for the Court's assistance in negotiating a higher settlement could be read as a request for monetary damages, such a reading does not change this result. Lorain Correctional is a prison, owned and operated by the Ohio Department of Rehabilitation and Correction. ODRC is an agency of the State of Ohio. The Eleventh Amendment presents an absolute bar to the imposition of liability on the State and its agencies. *Latham v. Office of Atty. Gen. of State of*

4

*Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action pursuant to 28 U.S.C. §1915(e).  Pursuant to 28 U.S.C. §1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated:  March 14, 2025

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio